## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICKEY WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-06-444-L** |
| | ) | |
| **MARTY SIRMONS, Warden, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. §1983 alleging various violations of his constitutional rights by prison staff at the Oklahoma State Penitentiary in McAlester, Oklahoma.  This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  For the reasons stated herein, it is recommended that this action be transferred to the United States District Court for the Eastern District of Oklahoma.

In this case, Plaintiff has sued nine individuals who reside in the Eastern District of Oklahoma regarding incidents which allegedly occurred in that District.  The venue provision that governs this civil rights action, provides that the action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).  In this case, there is no basis for laying venue in the Western District of Oklahoma.  Rather, venue is proper in the Eastern District of Oklahoma where all

Defendants are alleged to reside and where all the acts complained of occurred.

The undersigned notes that on April 24, 2006, Plaintiff paid $200 as his filing fee in this matter; however, since the filing fee is $350, the undersigned entered an order directing Plaintiff to pay the remaining $150 or file an application for leave to proceed *in forma pauperis*.  On May 8, 2006, Plaintiff paid the $150 balance of his filing fee.  Therefore, under these circumstances, the undersigned finds that the interest of justice would be better served by transferring the case rather than dismissing it without prejudice to refiling.  Pursuant to 28 U.S.C. §14606(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

## RECOMMENDATION

Accordingly, it is recommended that this case be transferred to the United States District Court for the Eastern District of Oklahoma.  In light of this recommendation, Plaintiff's pending motions in this case: Motion for Temporary Restraining Order [Doc. No. 4], Motion to Produce [Doc. No. 5] and Motion for Three Judge Panel [Doc. No. 9] will be ruled upon by the Eastern District of Oklahoma.  Plaintiff is advised of his right to object to this Report and Recommendation on or before the 31st day of May, 2006, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  Any objections should be filed with the Clerk of this Court.  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual findings and the legal issues contained herein. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 11th day of May, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE